IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSE STEWART BENAVIDEZ,

    Petitioner,                    2: 10 - cv - 3132 - MCE TJB

    vs.

MICHAEL MARTEL,

    Respondent.                FINDINGS AND RECOMMENDATIONS

## I. INTRODUCTION

Petitioner is a state prisoner and is proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner was convicted by a jury of evading a police officer with reckless driving and driving under the influence of an alcoholic beverage. Petitioner also pled no contest to driving with a suspended licence. (See Clerk's Tr. at p. 73.) The trial judge also found that Petitioner had several prior convictions. Petitioner was sentenced to eleven years. Petitioner raises four claims in his federal habeas petition; specifically: (1) the trial court abused its discretion when it failed to dismiss his prior "strike" conviction or any of his prison priors ("Claim I"); (2) application of the 2007 amendments to California Penal Code section 1170 to his crimes committed before the effective date of the amendments violated the Ex Post Facto Clause ("Claim II"); (3) the trial court committed constitutional error by imposing the

1

upper term sentence on the evading a police officer charge based on facts not admitted by Petitioner nor found by the jury ("Claim III"); and (4) the trial court's imposition of an upper term sentence was an abuse of discretion ("Claim IV"). For the following reasons, the habeas petition should be denied.

## II.  FACTUAL AND PROCEDURAL BACKGROUND[1]

> Around midnight of December 3, 2006, police officers attempted to stop defendant for speeding, but he sped off and a chase ensued which lasted about 15 minutes and covered over 13 miles. During the chase defendant's speeds reached 70 miles per hour in 45 mile per hour zones, he ran several stop signs and red lights, he drove onto the freeway and reached speeds approaching 100 miles per hour, he repeatedly weaved and changed lanes without signaling, and he drove off of the freeway and into a field where he was stopped by a barbed wire fence.
>
> A police car pulled in behind defendant, however defendant was not done. Defendant put his vehicle in reverse, hit the patrol car and then drove alongside the fence until he was able to again enter the street. The chase ended when an officer used a "pursuit intervention technique," meaning he rammed defendant's vehicle, and he was taken into custody. His blood-alcohol content was .13 percent.

(Slip Op. at p. 2.)

After Petitioner was convicted and sentenced, he appealed to the California Court of Appeal. That court affirmed the judgment in a written decision on August 18, 2009. Petitioner's petition for review to the California Supreme Court was summarily denied on November 19, 2009.

In November 2010, Petitioner filed this federal habeas petition. Respondent answered the petition on March 9, 2011.

## III.  APPLICABLE LAW FOR FEDERAL HABEAS CORPUS

An application for writ of habeas corpus by a person in custody under judgment of a state

---

[1] The factual background is taken from the California Court of Appeal, Third Appellate District opinion dated August 18, 2009 and filed in this Court by Respondent as lodged document 6 (hereinafter the "Slip Op.").

court can only be granted for violations of the Constitution or laws of the United States.  See 28 U.S.C. § 2254(a); see also Peltier v. Wright, 15 F.3d 860, 861 (9th Cir. 1994); Middleton v. Cupp, 768 F.2d 1083, 1085 (9th Cir. 1985) (citing Engle v. Isaac, 456 U.S. 107, 119 (1982)). Petitioner filed this petition for writ of habeas corpus after April 24, 1996, thus the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") applies.  See Lindh v. Murphy, 521 U.S. 320, 326 (1997).  Under AEDPA, federal habeas corpus relief is not available for any claim decided on the merits in the state court proceedings unless the state court's adjudication of the claim: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in state court.  See 28 U.S.C. 2254(d).

As a threshold matter, a court must "first decide what constitutes 'clearly established Federal law, as determined by the Supreme Court of the United States.'"  Lockyer v. Andrade, 538 U.S. 63, 71 (2003) (quoting 28 U.S.C. § 2254(d)(1)).  "'[C]learly established federal law' under § 2254(d)(1) is the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision.'"  Id. (citations omitted).  Under the unreasonable application clause, a federal habeas court making the unreasonable application inquiry should ask whether the state court's application of clearly established federal law was "objectively unreasonable."  See Williams v. Taylor, 529 U.S. 362, 409 (2000).  Thus, "a federal court may not issue the writ simply because the court concludes in its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable."  Id. at 411.  Although only Supreme Court law is binding on the states, Ninth Circuit precedent remains relevant persuasive authority in determining whether a state court decision is an objectively unreasonable application of clearly established federal law.  See Clark v. Murphy, 331 F.3d 1062, 1070 (9th Cir. 2003) ("While only the Supreme Court's precedents are binding . . . and only those precedents need be reasonably

3

applied, we may look for guidance to circuit precedents.").

## IV. ANALYSIS OF PETITIONER'S CLAIMS

### A. Claim I

In Claim I, Petitioner argues that the trial court abused its discretion by failing to dismiss a prior strike conviction and/or any of Petitioner's prison priors. This Claim is solely one that the sentencing court abused its discretion under state law in failing to strike a prior conviction and prison priors. No federal due process claim is presented within Claim I. The Claim presented is not cognizable under § 2254 since habeas corpus relief is not available to correct alleged errors in the state court's application or interpretation of state law. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); Middleton, 768 F.2d at 1084-85; see also Miller v. Vasquez, 868 F.2d 1116, 1118-19 (9th Cir. 1989) (stating that the determination of whether a prior conviction qualifies for a sentence enhancement under California law is not a cognizable federal claim).[2]  Claim I should be denied.

### B. Claim II

In Claim II, Petitioner argues that the use of the 2007 amendments to California's sentencing scheme in his sentence violated the Ex Post Facto Clause because his crimes occurred before the 2007 amendments were enacted. The California Court of Appeal analyzed this Claim as follows:

> Defendant contends that sentencing him pursuant to the determinate sentencing law as amended in 2007 (Stats. 2007, ch. 3 (SB 40), effective Mar. 30, 2007) for crimes committed prior to the effective date of the amendments violated constitutional prohibitions against ex post facto laws. Defendant recognizes that we must reject his contention pursuant to People v. Sandoval (2007) 41 Cal.4th 825, which held contrary to his position, and Auto Equity Sales, Inc. V. Superior Court (1962) 57 Cal.2d 450, which requires us to follow the holdings of the California Supreme

---

[2] Furthermore, even if Claim I did raise a federal constitutional argument, Petitioner did not make a showing of fundamental unfairness. See Christian v. Rhode, 41 F.3d 461, 469 (9th Cir. 1994) ("Absent a showing of fundamental unfairness, a state court's misapplication of its own sentencing laws does not justify federal habeas relief.")

4

1         Court, but states he is raising the issue to preserve it for federal
review.  The issue is preserved.

3 (Slip Op. at p. 7.)

4       Under California's sentencing law at the time Petitioner committed his crimes, three terms of imprisonment were specified for most offenses. See People v. Black, 35 Cal. 4th 1238, 1246-47, 29 Cal. Rptr. 3d 740, 113 P.3d 534 (2005), vacated on other grounds by, Black v. California, 549 U.S. 1190 (2007). The statute defining the offense generally prescribed an upper, middle and lower term. See Cunningham v. California, 549 U.S. 270, 277 (2007). Former California Penal Code § 1170(b) provided that the sentencing court should impose the middle term unless there were circumstances in aggravation or mitigation of the crime. See Cunningham, 549 U.S. at 277. In Cunningham, the Supreme Court held that the middle term, not the upper term was the relevant statutory maximum. See 549 U.S. at 288. Thus, the Supreme Court found that a California judge's imposition of an upper term sentence based on facts found by the judge rather than the jury violated the Constitution. See id. at 293.

      California Penal Code § 1170(b) was amended after Cunningham to eliminate the statutory presumption for a middle term. The statute now provides that "the choice of the appropriate term shall rest within the sound discretion of the court," and that "[t]he court shall select the term which, in the court's discretion best serves the interests of justice." Cal. Penal Code § 1170(b). The statute further states that, "[t]he court shall set forth on the record the reasons for imposing the term selected." Id. Thus, under the amended § 1170(b), "imposition of the lower, middle, or upper term is now discretionary and does not depend on the finding of any aggravating factors." See Butler v. Curry, 528 F.3d 624, 652 n. 20 (9th Cir. 2008).

      In analyzing an ex post facto claim, the focus "is not on whether a legislative change produces some ambiguous sort of 'disadvantage,' . . . but on whether any such change alters the definition of criminal conduct or increases the penalty by which a crime is punishable." See Cal. Dep't of Corr. v. Morales, 514 U.S. 499, 506 n. 3 (1995). "A law does not violate the [ex post

5

facto] clause if it creates 'only the most speculative and attenuated risk of increasing the measure of punishment attached to the covered crimes.'" Brown v. Palmateer, 379 F.3d 1089, 1093 (9th Cir. 2004) (quoting Morales, 514 U.S. at 513).

In People v. Sandoval, 41 Cal. 4th 825, 62 Cal. Rptr. 3d 588, 161 P.3d 1146 (2007), the California Supreme Court rejected the argument that reformation of the sentencing statute would violate the Ex Post Facto Clause. The Sandoval court reasoned that the elimination of the presumptive middle term could not be expected to have the effect of increasing the sentence for any particular crime, and that, to the extent the sentencing court had greater discretion to impose the upper term, the court also had an equally increased discretion to impose the lower term. See 41 Cal. 4th at 855, 62 Cal. Rptr. 3d 588, 161 P.3d 1146. The Sandoval court also stated that the difference in the amount of discretion exercised by a court in choosing the upper term under the prior version of the statute was not "substantial" as compared to that contemplated in the newly enacted sentencing scheme. See id.

In Chioino v. Kernan, 581 F.3d 1182, 1185 (9th Cir. 2009), the Ninth Circuit ruled that remanding for resentencing under the judicially reformed version of the Penal Code section 1170(b) pursuant to Sandoval "raise[d] no ex post facto concerns." See also Butler, 528 F.3d at 652 n. 20 (application of judicially reformed statute under Sandoval on resentencing would not violate the Ex Post Facto Clause). It therefore follows that the application of the amended sentencing provision § 1170(b) in Petitioner's case did not violate the Ex Post Facto Clause. Cf. Obligacion v. McDonald, Civ. No. 09-6003, 2010 WL 4936349, at *4 (N.D. Cal. Nov. 30, 2010); Williams v. Martel, Civ. No. 08-1024, 2010 WL 2011574, at *7 n. 50 (E.D. Cal. May 19, 2010). Thus, for the foregoing reasons, Petitioner is not entitled to habeas relief on Claim II.

C.  Claim III

In Claim III, Petitioner argues that the trial court committed a constitutional error when it sentenced him to the upper term sentence based on facts not admitted by himself or found by the jury. The California Court of Appeal analyzed this Claim as follows:

6

> Defendant contends that sentencing him to the upper term based on facts found only by the trial court violated the constitutional proscription against such sentencing as set forth in Blakely v. Washington (2004) 542 U.S. 296 [159 L.Ed.2d 403]. Again, defendant recognizes that his position is contrary to the holding in People v. Black (2007) 41 Cal.4th 799, that one properly found aggravating circumstance is sufficient to impose the upper term. (Id. at p. 816.) Again, defendant recognizes we are bound by Black, but he is raising the argument potential appellate review. The issue is preserved.

(Slip Op. at p. 7.)

In Apprendi v. New Jersey, 530 U.S. 466, 490 (2000), the Supreme Court held that regardless of a label as a "sentencing factor," any fact other than the fact of a prior conviction, "that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to the jury, and proved beyond a reasonable doubt." In Blakely v. Washington, 542 U.S. 296, 303, the Supreme Court held that the "statutory maximum" for Apprendi purposes "is the maximum sentence a judge may impose solely on the basis of facts reflected in the jury verdict or admitted by the defendant." Prior to March 30, 2007, California law required a sentencing court to impose the middle term unless there were circumstances in aggravation or mitigation. See Cunningham, 549 U.S. at 278-79.

In Cunningham, 549 U.S. at 288, the Supreme Court held that the middle term, not the upper term was the "relevant statutory maximum" for Apprendi purposes. It held that because California law authorized the trial judge, rather than the jury, to find the facts permitting the imposition of an upper term sentence, the sentencing scheme violated the Sixth Amendment. See id. at 293.

As previously described, California amended its sentencing laws in response to Cunningham such that an aggravated (upper) term is now discretionary and does not depend on the finding of any aggravating factors. See Cal. Penal Code § 1170(b); Butler, 528 F.3d at 652 n. 20 (9th Cir. 2008) ("Following the decision in Cunningham, the California legislature amended its statutes such that imposition of the lower, middle or upper term is now discretionary and does

not depend on the finding of any aggravating factors.").

Petitioner was sentenced after the March 2007 amendments were enacted by California to its sentencing scheme. Thus, pursuant to the post-amended statute, the decision to impose an upper term sentence was within the sound discretion of the trial court. See Cal. Penal Code § 1170(b). Because the upper term was the "statutory maximum" at the time of Petitioner's sentencing in 2008, the trial court was within its authority to rely on facts not found by the jury in the exercise of its discretion in imposing the upper term. See United States v. Booker, 543 U.S. 220, 233 (2005) ("[W]hen a trial judge exercises his discretion to select a specific sentence within a defined range, the defendant has no right to a jury determination of the facts that the judge deems relevant."); see also Pierce v. Stainer, Civ. No. 11-1635, 2011 WL 5104092, at *4 (E.D. Cal. Oct. 25, 2011) ("Because the upper term at the time of petitioner's sentencing was the 'statutory maximum' within the meaning of Cunningham, the trial court was permitted to rely on facts in addition to those found by the jury in the exercise of its discretion."); Cobbs v. Salazar, Civ. No. 10-2921, 2011 WL 5075381, at * 4 (C.D. Cal. Sept. 14, 2011) (same), report and recommendation adopted by, 2011 WL 5075628 (C.D. Cal. Oct. 25, 2011); McCowan v. Marshall, Civ. No. 10-473, 2011 WL 1544490 (N.D. Cal. Apr. 25, 2011) (same).

Furthermore, the record reflects that the trial judge imposed the upper term sentence based on the facts that Petitioner had engaged in violate conduct in the past which indicated a serious danger to society, that he had numerous prior convictions as an adult upon which he served numerous prison terms and that he was on parole at the time he committed his crimes. (See Reporter's Tr. at p. 465.) The Supreme Court has recognized the prior conviction exception which states that a prior conviction need not be proved to the jury beyond a reasonable doubt for purposes of enhancing a sentence. See Apprendi, 530 U.S. at 490. In this case, as outlined above, the trial court recited and relied on Petitioner's prior convictions in determining in its discretion that Petitioner should be sentenced to an upper term. Cf. Butler, 528 F.3d at 642-43 (stating that only one aggravating factor is necessary to set the upper term).

Thus, for the foregoing reasons, Petitioner has failed to show that he is entitled to federal habeas relief on Claim III.

D.  Claim IV

In Claim IV, Petitioner argues that the state court abused its discretion in sentencing him to the upper term. The California Court of Appeal analyzed this Claim as follows:

> Defendant contends the trial court abused its discretion in imposing the upper term by failing to weigh factors against those factor [sic] it cited in aggravation. The purported mitigating factors claimed by defendant are his "long-standing substance abuse history that he had never been given the opportunity to address," his early acknowledgment of wrong doing; his show of remorse; his payment of restitution; the lengthy sentence he faced without the upper term being imposed; "the non-violent and non-serious nature of the current offenses;" and the "relatively minor nature of the prison priors, which included four drug-related offense[s] and one receiving stolen property conviction."
>
> First, one prior conviction is sufficient to impose the upper term (People v. Black, supra, 41 Cal.4th at p. 816), and defendant has six felony and 12 misdemeanor prior convictions. Further, nothing in the record supports defendant's assertion that he has not had the opportunity to address his substance abuse problem. And, for reasons set forth in section I, we do not consider defendant's attempts to evade police officers by means of high-speed chases and driving while intoxicated nonserious offenses, as they are fraught with potential fatal consequences for others near or in defendant's path. Finally, the other mitigating factors were all before the court and, to the extent weighing may be required, were in the absence of any evidence to the contrary presumably considered by the trial court in arriving at its decision. (See Evid. Code, § 664 [official duty presumed to have been regularly performed].)

(Slip Op. at p. 7-8.)

Absent an independent constitutional violation, federal habeas review of a state court's application of its sentencing laws is limited to determining whether the state court's finding was so arbitrary or capricious as to constitute an independent due process or Eighth Amendment violation." See, e.g., Lewis v. Jeffers, 497 U.S. 764, 780 (1990). As discussed in supra Part IV.C, Petitioner failed to show that imposing the upper term sentence constituted a Sixth Amendment violation. Thus, the relevant issue is that "[a]bsent a showing a fundamental

9

1  unfairness, a state court's missapplication of its own sentencing laws does not justify federal
2  habeas relief." Christian, 41 F.3d at 469.
3        Petitioner falls short showing that imposing an upper term was fundamentally unfair.  As
4  previously described, the state court applied the upper term after specifically citing to Petitioner's
5  numerous prior convictions.  Thus, the upper term sentence did not amount to a fundamentally
6  unfair sentence.  See, e.g., Black, 41 Cal. 4th at 813, 62 Cal. Rptr. 3d 569, 161 P.3d 1130;
7  see also Butler, 528 F.3d at 643 ("under California law, only one aggravating factor is necessary
8  to set the upper term as the maximum sentence").  Claim IV should therefore be denied.
9  //
10 //
11 //
12 //
13 //
14 //
15 //
16 //
17 //
18 //
19 //
20 //
21 //
22 //
23 //
24 //
25 //
26 //

## V.  CONCLUSION

For all of the foregoing reasons, IT IS RECOMMENDED that the petition for writ of habeas corpus be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within seven days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).  In any objections he elects to file, Petitioner may address whether a certificate of appealability should issue in the event he elects to file an appeal from the judgment in this case.  See Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

DATED:  March 19, 2012

TIMOTHY J BOMMER
UNITED STATES MAGISTRATE JUDGE